**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL AND MARIANNE BONFIGLIO, | ) | |
| | ) Plaintiff, | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| CITIFINANCIAL SERVICING, LLC, | ) | File No. 1:14-cv-9254 |
| GREEN TREE SERVICING, LLC, | ) | |
| AND RANDALL S. MILLER & | ) | JURY TRIAL DEMANDED |
| ASSOCIATES, PC, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiffs, PAUL AND MARIANNE BONFIGLIO (collectively "Bonfiglio"), by the

undersigned attorneys, complain of Defendants CITIFINANCIAL SERVICING, LLC, GREEN

TREE SERVICING, LLC, AND RANDALL S. MILLER & ASSOCIATES, PC (collectively

"Defendants"), as follows:

### NATURE OF THE ACTION

1.   Bonfiglio brings this action for damages from breach of contract, fraudulent

misrepresentation, and for violations of the Fair Debt Collection Practices Act ("FDCPA"), and

the Illinois Consumer Fraud Act ("ICFA").

2.   All of the claims stated herein stem from the wrongful servicing and debt collection

activities related to Bonfiglio's home mortgage loan.

### JURISDICTION AND VENUE

3.   Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337

as the action arises under the laws of the United States. The Court has supplemental jurisdiction

over state law claims under 28 U.S.C. § 1367. Venue is proper in this District pursuant to 28

1

U.S.C. § 1391 as Bonfiglio resides in this District and all of the events or omissions occurred in this District.

**PARTIES**

4.   Plaintiffs Paul and Marianne Bonfiglio are natural persons who reside at 415 Thames Drive, Shorewood, Illinois 60404  ("subject property"). The subject property is Bonfiglio's primary residence.

5.   Defendant CITIFINANCIAL SERVICING, LLC is a Delaware limited liability company with its principal place of business in Pennsylvania. Citi is a creditor, owner, and master servicer of residential mortgage loans across the country, including in the State of Illinois.

6.   CitiFinancial Servicing, LLC is the successor by merger to CitiFinancial Services, Inc. (hereinafter CitiFinancial Servicing, LLC and CitiFinancial Services, Inc. collectively referred to as "Citi"). Citi is the purported owner/creditor of the subject loan.

7.   Defendant GREEN TREE SERVICING, LLC ("Green Tree") is a Minnesota limited liability company with its principal place of business in St. Paul, Minnesota. Green Tree is a servicer and debt collector of residential mortgage loans across the country, including in the State of Illinois.

8.   Green Tree was the servicer of the mortgage loan from May 1, 2013 to the present.

9.   Defendant RANDALL S. MILLER & ASSOCIATES, LLC ("Randall Miller") is a law firm authorized to do business in the State of Illinois. Randall Miller is in the business of collecting debts from Illinois residents on behalf of third-party creditors, servicers, and debt collectors.

STATEMENT OF FACTS

10. On March 12, 2007, Bonfiglio entered into a refinance loan with Citi in the amount of $159,766.55 ("subject loan") secured by a mortgage on the subject property. *See* Exhibit A is a true copy of the subject mortgage.

11. At the time of the loan's origination, Bonfiglio paid property taxes separate from the mortgage loan (i.e. there was no tax escrow).

12. Eventually Bonfiglio fell behind on paying the property taxes. The property taxes became delinquent in 2008.

13. On November 5, 2009, Bonfiglio's delinquent property taxes were sold to RealTax Developers, Ltd., ("Real Tax") in the case known as 12 TX 273, Will County, IL. *See* Exhibit B is a true and correct copy of the notice of tax sale. The redemption period expired on November 2, 2012. *Id.* The amount to redeem the taxes was $34,893.45.

14. After the tax sale, but before the redemption period expired, Bonfiglio called Citi for help to pay the delinquent taxes. Citi agreed to pay to redeem the taxes and add the amounts that it advanced on Bonfiglio's behalf to the end of the loan.

15. On August 13, 2012, a few months before the redemption period was scheduled to expire, Citi sent Bonfiglio a letter stating that it had paid Bonfiglio's past due property taxes. The letter stated, "On 8/14/2012, CitiFinancial advanced funds in the amount of $33,236.77 to pay your property taxes." *See* Exhibit C is a true and correct copy of the August 13, 2012 letter from Citi.

16. Citi never actually redeemed the taxes, but charged the subject loan account the $33,236.77 that it allegedly advanced.

17. Bonfiglio relied on Citi's representation that it had redeemed their taxes and continued to make payments on the subject loan.

18. Bonfiglio believed that they had no further obligation to respond to the tax court or redeem their taxes because Citi had done so on their behalf, and sent them proof of payment.

19. Citi even billed the subject loan account the amount to redeem the taxes.

20. As a result, Bonfiglio believed that they only owed Citi for the taxes, and not the city or the purchaser of the tax deed, RealTax.

21. On November 30, 2012, the Circuit Court of Will County issued an order directing the clerk to issue the tax deed. *See* Exhibit D attached hereto is a true copy of the order directing the County Clerk to issue tax deed.

22. On April 15, 2013, the Will County Clerk issued a tax deed on the subject property to RealTax thereby conveying full title to the subject property to RealTax and extinguishing all prior title or liens on the subject property, including the subject mortgage in favor of Citi. *See* Exhibit E is a true copy of the tax deed.

23. On April 15, 2013, the subject mortgage was extinguished, and the subject loan converted from an *in rem* interest, to an *in personam* interest against Bonfiglio.

24. Citi and Green Tree never notified Bonfiglio that the subject mortgage had been extinguished by the tax deed.

25. Bonfiglio believed that their mortgage with Citi was still valid and continued to make monthly payments each month on the subject loan.

26. Also on April 15, 2013, Green Tree sent Bonfiglio a notice that it was the new servicer of the subject loan for Citi, effective May 1, 2013. *See* Exhibit F is a true copy of the notice of transfer of servicing.

27. Green Tree continued to operate as if Citi had a valid mortgage lien on the subject property and send monthly statements to Bonfiglio requesting payment on the loan to avoid foreclosure.

28. On July 16, 2013, RealTax conveyed the deed to the subject property to Regions Bank as Trustee for Trust No. 90-P015-00. The trust deed was recorded in the Will County Recorder of Deeds on September 3, 2013. *See* Exhibit G attached hereto is a true copy of the trust deed from RealTax to Regions Bank.

29. On October 15, 2013, Bonfiglio received a notice from Green Tree stating that the subject loan "was sold on October 1, 2013. It is now owned by CITIFINANCIAL SERVICING, LLC. The sale does not change the terms of your loan or *your contractual obligations as described in your mortgage loan documents*...The servicer of your loan has not changed and continues to be Green Tree Servicing LLC." *See* Exhibit H is a true copy of the notice of new creditor.

30. The notice of transfer conformed to a notice of new creditor information required under section 1641g of the Truth in Lending Act. *Id.*

31. In the meantime, Bonfiglio began receiving calls from Green Tree on behalf of Citi claiming that they were behind on payments. Bonfiglio was confused by the calls because they were making payments every month.  Bonfiglio returned the calls to inquire on curing the alleged default.

32. On November 18, 2013, Bonfiglio spoke with a representative of Green Tree regarding the subject loan account, and how to cure the alleged delinquency. The Green Tree representative stated that Bonfiglio owed Citi the amounts advanced for taxes.

33. Green Tree offered to defer the amount advanced for taxes to the end of the loan and deem the loan current.

34. On November 19, 2013, Green Tree sent Bonfiglio a letter memorializing the phone conversation, stating that Green Tree brought Bonfiglio's loan "current on 11/18/13," and deferred any past due amount to the end of the loan. The letter further stated:

> *If* your account was also past due for funds advanced on your behalf (e.g., insurance, **taxes**), then payments previously posted to interest were reallocated to bring this portion of your account current as well. Any remaining funds from the reallocated payment would have been applied to your principal balance.
>
> Please refer to your Billing Statement for the current amount due and next payment due date.
>
> This deferral was granted to assist you in fulfilling the terms of your loan agreement. It did not increase the principal balance on your account. All terms and conditions of the loan agreement shall remain in full force and effect. This deferral of interest due on your account shall not constitute a deferral of any future default.

*See* Exhibit I is a true copy of the notice of the November 19, 2013 letter (emphasis added).

35. In reliance on the representations made by Green Tree and Citi that they had paid the taxes, deferred the amount paid, and deemed the loan current, Bonfiglio continued to make the monthly mortgage payments.

36. In the meantime, and while it was representing to Bonfiglio that it had redeemed their taxes, Citi made arrangements to purchase the deed to the subject property from RealTax in order to protect its own interest in Bonfiglio's home.

37. On December 10, 2013, Citi purchased the trust deed to the subject property from Regions Bank. Regions Bank, as Trustee, conveyed the deed to the subject property to Citi. *See* Exhibit J is a true copy of the trust deed from Regions Bank to Citi.

38. On December 12, 2013, Green Tree sent Bonfiglio another notice confirming that they had received a deferral of all past due amounts on the subject loan. *See* Exhibit K is a true copy of a December 12, 2013 loss mitigation letter. The letter implied that Citi still had a valid mortgage on the subject property.

39. On February 18, 2014, Green Tree rejected Bonfiglio's monthly mortgage payment for the first time, and provided no explanation for the rejected payment. The rejection letter simply stated, *"The enclosed funds: $1,000.00 are being returned to you. Please note that: See other."* The letter included no additional information. *See* Exhibit L is a true copy of the February 18, 2014 letter.

40. Citi and Green Tree then sought to evict Bonfiglio from the subject property. However, Citi and Green Tree, through its attorneys, filed the eviction in the name of the prior owner of the deed, Regions Bank.

41. On March 4, 2014, the defendant Randall Miller filed a complaint for forcible entry and detainer action on behalf of Regions Bank (the prior owner who assigned the deed to Citi on December 10, 2013) against Bonfiglio in Circuit Court of Will County, Illinois in the case known as *Regions Bank d/b/a Regions Mortgage v. Paul Bonfiglio*, Case No. 14 LM 617 ("eviction"). *See* Exhibit M is a true copy of the eviction complaint.

42. Baffled by the eviction complaint, Bonfiglio appeared in court and asked the attorneys from Randall Miller for an explanation of why they were getting evicted, who Regions Bank was, and how Regions Bank had acquired a deed to their home when Citi had paid their taxes.

43. Randall Miller provided Bonfiglio with no answers and no information about the case.

44. On May 8, 2014, the eviction case was set for trial. *See* Exhibit N is a true copy of the eviction docket.

45. Prior to the trial and entry of any order of possession, Green Tree or Citi directed the Sheriff to evict Bonfiglio and their children from their family home.

7

46. The Sheriff visited Bonfiglio at least twice requesting that they prepare for eviction. Bonfiglio pleaded for more time to uncover why they were getting evicted and to hire an attorney.

47. In late May, the Sheriff issued Bonfiglio a final eviction notice. *See* Exhibit O is a true copy of the Sheriff's eviction notice.

48. In May 2014, "Steven Brashler" of ReMax and SingleSource Property Solutions also visited Bonfiglio at the subject property to advise them that ownership of the subject property had transferred as the result of a "foreclosure." Brashler advised Bonfiglio that he was working for Green Tree and Citi, and that the subject property must be vacated immediately, removed of items, and left in "broom swept" condition. *See* Exhibit P is a true copy of the notice from Brashler.

49. On June 3, 2014, Bonfiglio hired counsel to protect their rights.

50. On June 11, 2014, after receiving a request for information from Bonfiglio's attorneys, Randall Miller dismissed the eviction, claiming that it erroneously filed the eviction in the name of Regions Bank (instead of Citi or Green Tree) due to a scrivener's error.

51. By that time, Bonfiglio had made payments to Green Tree and Citi for over 2 years based on the understanding that Citi retained a valid mortgage lien on the subject property and had paid the delinquent taxes on their behalf.

52. Bonfiglio suffered extreme emotional distress, mental anguish, loss of sleep, health issues, anxiety, and continuing fear of eviction from the actions of Defendants.

53. Marianne Bonfiglio's increased stress levels exacerbated her pre-existing medical issues, including her blood sugar levels related to her diabetes.

54. Paul Bonfiglio has high blood pressure that remained at an unsafe elevated level throughout the eviction despite his use of medication.

55. Bonfiglio incurred attorney fees to defend and seek the dismissal of the improper eviction.

**CAUSES OF ACTION**

56. Bonfiglio restates each and every allegation stated herein, including the allegation of damages in paragraphs 51 through 54, as if fully alleged in each count of this complaint.

**COUNT I – BREACH OF CONTRACT**
**(AGAINST CITI AND GREEN TREE)**

57. Bonfiglio had a valid and enforceable mortgage loan contract, as modified by the deferment agreement (hereinafter "contract"), with Citi as the creditor and Green Tree as the servicer. *See* Exhibits A, C, I, & K.

58. Citi is liable to Bonfiglio for the actions of Green Tree as its servicer. Citi and Green Tree are liable for the actions of their attorneys, Randall Miller.

59. Bonfiglio fully performed their duties under the contract by tendering their monthly payments and by complying with all other terms of the subject loan, and any corresponding agreement entered into with Citi to redeem the taxes on the subject loan and defer the amounts paid to the end of the loan. *Id.*

60. Bonfiglio complied with all terms of the mortgage contract from at least the date of the deferment agreement. *Id.*

61. Even while Bonfiglio complied with the deferment agreement, Citi and Green Tree attempted to evict Bonfilio from the subject property by directing Randall Miller to file the eviction, directing the Sheriff to evict Bonfiglio, and directing Brashler to facilitate the eviction.

9

62. Green Tree and Citi failed to acknowledge and apply Bonfiglio's payments in accordance with the mortgage contract as modified by the deferment agreement.

63. Without sending prior notice of default or having a valid mortgage in place, Green Tree and Citi sought to evict Bonfiglio based on the purchase of the deed from the tax sale.

64. The purchase of the deed and subsequent eviction were in violation of the mortgage contract as Bonfiglio was performing on the subject loan agreement.

65. Green Tree and Citi are in further material breach of contract for their failure to credit and apply Bonfiglio's payments as required by the contract, and to abide by the deferment agreement.

66. Citi and Green Tree are in violation of the subject contract by failing to pay the amounts promised to redeem the taxes on the subject property.

67. Citi and Green Tree sent Bonfiglio letters and otherwise communicated to Bonfiglio with false information that Bonfiglio relied upon to their detriment. *See* Exhibits A, C, I, & K.

68. Citi directly benefited from its failure to redeem the taxes. It purchased the deed to the subject property as a result, and charged Bonfiglio over $30,000.00 that Citi had not actually advanced on behalf of the Bonfiglios. *Id.*

69. Bonfiglio remains personally liable in excess of $200,000.00 without receiving the benefits contemplated by the subject mortgage when that contract was entered into, including retention of their family home.

WHEREFORE, Plaintiffs PAUL AND MARIANNE BONFIGLIO respectfully request that this Honorable Court:

    a.   find that Citi and Green Tree materially breached the mortgage contract;

    b.   award Bonfiglio their actual damages to be proven at trial;

    c.   award Bonfiglio their reasonable attorney fees and costs; and

    d.   award Bonfiglio any other relief this Honorable Court deems equitable and just.

## COUNT II – FRAUDULENT MISREPRESENTATION
## (AGAINST CITI AND GREEN TREE)

70. Citi and Green Tree misrepresented to Bonfiglio that they redeemed the taxes on the subject property, and deferred the amounts paid to the end of the loan. *See* Exhibits A, C, I, & K.

71. Citi and Green Tree misrepresented to Bonfiglio that all prior defaults on the subject loan, including for taxes, had been cured by the deferment agreement notwithstanding the fact that no mortgage existed. *Id.*

72. Citi and Green Tree charged Bonfiglio, and Bonfiglio remains personally liable for over $200,000.00 on the subject loan, including the amount purportedly paid to redeem the taxes, but never actually paid on Bonfiglio's behalf. *Id.*

73. After failing to redeem the taxes, Citi and Green Tree attempted to cover up and hide their actions from Bonfiglio by sending them deceptive letters and mortgage statements, and filing an eviction action in the name of Regions Bank instead of their own.

74. Citi and Green Tree knew that the taxes were not paid at the time that they misrepresented to Bonfiglio that they had actually paid them.

75. Citi and Green Tree induced Bonfiglio to make payments on an unsecured loan for over two years by making misrepresentations that they continued to hold a valid interest in the subject property.

76. Citi and Green Tree knew that Bonfiglio would likely not make any payments if they knew that the mortgage no longer existed and the title to the subject property was no longer in their name.

77. Bonfiglio relied on Citi and Green Tree's misrepresentations and made the monthly mortgage payments in an effort to keep ownership of their home.

11

78. Bonfiglio's reliance on Citi and Green Tree's misrepresentations was reasonable under the circumstances; Bonfiglio did not receive any actual notice that Citi had failed to redeem the taxes or that the  subject mortgage had been terminated.

79. Apart from the public record with the Will County Recorder of Deeds, Bonfiglio was never notified of the sale of the deed from Regions Bank to Citi.

80. It was reasonable for consumers such as Bonfiglio to rely on the letters sent to them by Citi and Green Tree stating that the taxes had been paid, all back-owed amounts deferred to the end of the loan, and the subject loan deemed current as a result.

81. In furtherance of their attempts to conceal their misrepresentations, Citi and Green Tree filed the eviction complaint in the name of Regions Bank as opposed to their own.

82. It was reasonable for Bonfiglio to believe that Citi and Green Tree were not the actual parties evicting Bonfiglio from the subject property because the eviction action was filed in the name of Regions Bank, and Bonfiglio never received any clarification or information from the attorneys, Randall Miller.

83. Citi and Green Tree's scheme was designed to defraud and expeditiously evict Bonfiglio from the subject property in order to collect from the sale of the subject property, as well as seek to collect any additional amounts from Bonfiglio personally.

84. Citi and Green Tree had a duty to disclose that (a) they did not pay the amount to redeem the taxes; (b) that the mortgage loan was not and could not be deemed current due to the tax sale; (c) that the subject mortgage had been extinguished by the tax sale; (d) that Citi had purchased the deed, (e) had charged Bonfiglio and the subject loan the amount required to redeem the taxes, but did not redeem the taxes; (f) that Citi was seeking to evict Bonfiglio based on the deed it purchased; and (g) that Citi had filed the eviction action in the name of Regions Bank.

85. Bonfiglio relied on Citi and Green Tree's fraudulent concealment of the deception to their detriment. Bonfiglio lost legal title to their home, suffered from medical injuries related to stress, nearly moved out their home when the Sheriff came to their door to evict them, and needed to hire an attorney before they received any clear answers from Citi or Green Tree regarding the acts leading up to and resulting in the loss of their home and the eviction.

WHEREFORE, Plaintiffs PAUL AND MARIANNE BONFIGLIO request that this Honorable Court:

a. enter judgment in their favor and against Green Tree and Citi;

b. declare that the practices complained of herein are unlawful;

c. award Bonfiglio actual and punitive damages in an amount to be determined at trial;

d. award Bonfiglio costs and reasonable attorney fees; and

e. award any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATION OF ILLINOIS CONSUMER FRAUD ACT (GREEN TREE AND CITI)

86. Bonfiglio meets the ICFA definition of "consumer," and the subject loan is a consumer transaction under ICFA. *See* 810 ILCS 505/1.

87. Citi and Green Tree violated 815 ILCS 505/2 by engaging in unfair and deceptive acts, and by using fraud, deception, and misrepresentation in their attempts to collect a debt.

### a. Unfairness

88. Bonfiglio's inquiries and disputes regarding the servicing of their loan were never investigated or adequately answered; the lack of clarity from Citi and Green Tree resulted in unsophisticated consumers entering into a perpetual state of confusion regarding the true status of the mortgage loan and the eviction. This never-ending battle lasted two years.

89. Citi and Green Tree's conduct in relation to Bonfiglio's loan was willful, malicious, unfair, arbitrary, and designed to evict Bonfiglio from their home although they were not in default and current on the subject loan at the time of the attempted eviction.

90. Citi and Green Tree's conduct offends public policy as it demonstrates an industry-wide practice of deceptively seeking to evict borrowers without sufficient notice, or complying with the terms of the mortgage contract.

91. Citi and Green Tree unfairly charged Bonfiglio for the amounts that they stated were paid to redeem the taxes and Bonfiglio remains personally liable for over the amount of the loan and the amount that Citi falsely represented that it paid on their behalf for taxes.

92. Citi and Green Tree's actions caused substantial injury to Bonfiglio and to consumers generally, as Bonfiglio and consumers reasonably expect their contracts to be honored, their loans and accounts to be properly managed, their payments properly applied, promises that the taxes are paid to be kept, and that if a party attempts to evict them, they have substantial grounds to do so, and will file the action in their own name as opposed to the name of an unknown party.

93. Bonfiglio could not avoid these immoral undertakings because Citi and Green Tree made representations that they had paid the back owed taxes, charged the subject loan account the amount to pay to redeem the back owed taxes, declared the loan current and deferred all arreages, including the amount allegedly advanced to pay taxes, continued to accept Bonfiglio's payments each month and threaten foreclosure for non-payment, and filed the eviction in the name of Regions Bank using the form complaint that provided no substantive information regarding how Regions Bank acquired the deed.

94. Bonfiglio could not avoid these immoral undertakings because Citi and Green Tree would not communicate with them in response to their phone calls, requests for information, and other objections.

95. When taken as a whole over a year, Citi and Green Tree's conduct was so unethical and unending, that Bonfiglio had no choice but to submit, in fact Bonfiglio lost title to their property and were nearly evicted as a result.

### b. Deception

96. Citi and Green Tree's following actions were deceptive: (i) attempting to collect upon and evict Bonfiglio in the name of Regions Bank; (ii) sending disclosures, statements, and notices that stated Citi had redeemed the taxes when it did not; (iii) making material misrepresentations of fact regarding the status of the subject mortgage; (iv) sending statements and requesting Bonfiglio's payments after the mortgage loan had been terminated; (v) providing conflicting disclosures, deceptive and false letters to Bonfiglio; (vi) directing the Sheriff to evict Bonfiglio before an order of possession had been entered in the eviction case or in Citi or Green Tree's name, (vii) directly ReMax and Brashler to provide notice to Bonfiglio that they were being evicted due to a "foreclosure."

WHEREFORE, Plaintiffs PAUL AND MARIANNE BONFIGLIO request that this Honorable Court:

    a. enter judgment in their favor and against Green Tree and Citi;

    b. declare that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    c. award Bonfiglio statutory, actual, and punitive damages, in an amount to be determined at trial, for the underlying ICFA violations;

    d. award Bonfiglio costs and reasonable attorney fees under 815 ILCS 505/10a(c); and

    e. award any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST GREEN TREE)

97. Bonfiglio are "consumers" as defined by FDCPA § 1692a(3).

98. The subject debt qualifies as a "debt" as defined by FDCPA § 1692a(5) as it arose out of a transaction for personal, family, or household purposes.

99. Green Tree qualifies as a "debt collector" as defined by § 1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

100. Green Tree qualifies as a "debt collector" because it acquired the subject loan after it was in default for non-payment of taxes.

101. Green Tree qualifies as a "debt collector" because it treated the subject loan as if it was in default when it acquired rights to the subject loan.

### a. Violation of § 1692d

102. Green Tree engaged in abusive and oppressive conduct in violation of FDCPA § 1692d as the servicer and debt collector for Citi through (i) unethical mismanagement of the subject loan account; (ii) refusal to accurately respond to Bonfiglio's requests for information regarding the eviction; (iii) refusal to acknowledge the express terms of the subject mortgage, deferral agreement, and agreement to pay the taxes on the subject loan; (iv) failing to provide Bonfiglio with notice that the subject mortgage had been extinguished; (v) failing to provide notice that Citi was the new owner of the deed to the subject property by way of the tax sale; (vi) failing to file an eviction action in the name of Citi or Green Tree; (vii) deceptively filing its own eviction action in the name of Regions Bank; (viii) filing an eviction complaint that provided no information regarding how and when Citi acquired the deed to the subject property; (ix) sending requests to Bonfiglio to continue to pay the subject loan to avoid foreclosure after the subject mortgage had been extinguished; (x) accepting Bonfiglio's timely and good faith payments on

the subject loan after Citi no longer held a valid security interest in the home; (xi) threatening

eviction even though Bonfiglio was not in default on the subject loan; and (xii) directing the

Sheriff to evict to Bonfiglio and their family before an order of possession had been entered in

the forcible entry and detainer action.

### b. Violation of § 1692e

103. Green Tree's actions were unfair, unconscionable, false and deceptive under FDCPA §

1692e as a result of its (i) misrepresentations of the status of the debt and subject mortgage; (ii)

attempts to collect illegal fees and costs not authorized by law or contract; (iii)

misrepresentation of the amounts owed to cure the "default;" (iv) misrepresentation of the

nature of Citi's security interest in the subject property; and (v) declaring the loan in delinquent

or default status when Bonfiglio had complied with terms of the contract.

### c. Violation of § 1692f

104. Green Tree attempted to use unfair means to collect amounts on the subject loan in

violation of FDCPA § 1692f.

105. Green Tree unfairly sought to collect on the subject loan and threaten foreclosure even

after the subject mortgage had been extinguished in violation of FDCPA § 1692f.

106. Green Tree took or threatened to unlawfully repossess the subject property through the

wrongful eviction in violation of FDCPA § 1692f.

### d. Violation of § 1692j

107. Green Tree, through its attorneys Randall Miller, deceptively attempted to evict

Bonfiglio by filing the form forcible entry and eviction complaint that included no substantial

information regarding how it acquired the deed to the subject property in an attempt to facilitate

the turnover of the subject property and the collection of the subject debt in violation of FDCPA § 1692j.

108. Green Tree, through its attorneys Randall Miller, deceptively attempted to evict Bonfiglio by filing the form forcible entry and eviction complaint in the name of Regions Bank in order to create the false belief that a person other than Citi or Green Tree was attempting to collect the subject debt in violation of FDCPA § 1692j.

WHEREFORE, Plaintiffs PAUL AND MARIANNE BONFIGLIO request that this Honorable Court:

   a. enter judgment in their favor and against Green Tree;

   b. declare that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   c. award Bonfiglio statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

   d. award Bonfiglio costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k; and

   e. award any other relief as this Honorable Court deems just and appropriate.

### COUNT V – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (AGAINST RANDALL MILLER)

109. Randall Miller qualifies as a "debt collector" as defined by § 1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

110. Randall Miller qualifies as a "debt collector" because acquired rights to collect the subject debt after it was in default.

111. Randall Miller qualifies as a "debt collector" because it treated the subject loan as if it was in default when it acquired rights to the subject loan.

### a.  Violation of  § 1692d

112.  Randall Miler engaged in abusive and oppressive conduct in violation of  FDCPA §
1692d as the attorneys and debt collector for Citi and Green Tree by (i) failing to file an eviction
action in the name of Citi or Green Tree; (ii) deceptively filing an eviction action in the name of
Regions Bank; (iii) filing an eviction complaint that provided no information regarding how and
when Citi (or Regions Bank) acquired the deed to the subject property; (iv) attempting an
eviction even though Bonfiglio was not in default on the subject loan; (v) directing the Sheriff to
evict to Bonfiglio and their family before an order of possession had been entered in the forcible
entry and detainer action; and (vi) charging the subject loan and Bonfiglio for attorney fees
associated with the wrongful eviction.

### b. Violation of § 1692e

113.  Randall Miller's actions were unfair, unconscionable, false and deceptive under
FDCPA § 1692e as a result of its (i) misrepresentations of the status of the debt and subject
mortgage; (ii) misrepresentation of the true plaintiff in the eviction action; (iii) misrepresentation
of the nature of Citi's and Region Bank's security interest in the subject property at the time of
the eviction; and (iv) filing the eviction complaint without conducting a thorough and
independent review of the basis for the eviction or the proper plaintiff to bring the lawsuit.

### c. Violation of § 1692f

114.  Randall Miller attempted to use unfair means to collect amounts on the subject loan
through threats of eviction even though the subject mortgage had been extinguished and
Bonfiglio was current on the subject loan.

115.  Randall Miller made an attempt to unlawfully evict Bonfiglio from the subject property in the name of Regions Bank who had no valid interest in the property at the time the eviction complaint was filed in violation of FDCPA § 1692f.

116.  Randall Miller unfairly filed the eviction complaint without conducting a thorough and independent review of the basis for the eviction or the correct plaintiff in violation of FDCPA § 1692f.

### d. Violation of § 1692j

117.  Randall Miller deceptively attempted to evict Bonfiglio by filing the form forcible entry and eviction complaint that included no substantial information regarding how its client acquired the deed to the subject property in an attempt to facilitate the collection of the subject debt in violation of FDCPA § 1692j.

118.  Randall Miller deceptively attempted to evict Bonfiglio by filing the form forcible entry and eviction complaint in the name of Regions Bank in order to create the false belief that a person other than Citi or Green Tree was attempting to collect the subject debt in violation of FDCPA § 1692j.

WHEREFORE, Plaintiffs PAUL AND MARIANNE BONFIGLIO request that this Honorable Court:

   a.   enter judgment in their favor and against Randall Miller;

   b.   declare that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   c.   award Bonfiglio statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

   d.   award Bonfiglio costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k; and

   e.   award any other relief as this Honorable Court deems just and appropriate.

**Plaintiffs demand trial by jury.**

                                        Respectfully Submitted,

                                        By: ___/s/Mara A. Baltabols_____
                                                **Mara A. Baltabols**
                                                Attorney for Plaintiffs

Mara A. Baltabols
ARDC # 6299033
Mohammed O. Badwan
ARDC # 6299011
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523