# EXHIBIT G

# DEED IN TRUST

This Indenture Witnesseth, That the Grantor, <u>Realtax Developers, Ltd.</u> of the County of <u>Peoria</u> and State of <u>Illinois</u>, for and in consideration of the sum of <u>Ten</u> Dollars <u>($ 10.00)</u>, in hand paid, and of other good and valuable considerations, receipt of which is hereby duly acknowledged, Convey(s) unto <u>Regions Bank,</u> as Trustee under the provisions of a Trust Agreement dated the <u>4th</u> day of March <u>1994</u> and known as Trust Number <u>90-P015-00</u>, the following described real estate in the County of <u>WILL</u> and the State of Illinois to-wit:

R2013100635
Receipt # T20130096219
Karen A. Stukel   Will County Recorder   2P
JD    Date 09/03/2013      Time 11:33:35
Recording Fees:                    $25.75
IL Rental Hsng. Support Program:    $9.00
Consideration: $35,515.00

Lot 142 in the Fox Bend P.U.D., Unit two, being a Subdivision in the east ½ of the Southeast ¼ of Section 8, township 35 North Range 9 East of the 3rd P.M., according to the Plat thereof recorded 11/8/1996, as Doc., #R96-101265,
Situated in WILL County in the State of Illinois.

Permanent Index Number: **05-06-08-402-003-0000**

Commonly Known As: **415 Thames Dr., Shorewood**

TO HAVE AND TO HOLD the said real estate with the appurtenances, upon the trusts, and for the uses and purposes herein and in said Trust Agreement set forth.
Full power and authority is hereby granted to said trustee to improve, manage, protect and subdivide said real estate or any part thereof, to dedicate parks, streets, highways or alleys and to vacate any subdivision or part thereof, and to resubdivide said real estate as often as desired, to contract to sell, to grant options to purchase, to sell on any terms, to convey either with or without consideration, to convey said real estate or any part thereof to a successor or successors in trust and to grant to such successor or successors in trust all of the title, estate, powers and authorities vested in said Trustee, to donate, to dedicate, to mortgage, pledge or otherwise encumber said real estate, or any part thereof, to lease said real estate, or any part thereof, from time to time, in possession or reversion, by leases to commence in praesenti or in futuro, and upon any terms and for any period or periods of time, not exceeding in the case of any single demise the term of 198 years, and to renew or extend leases upon any terms and for any period or periods of time and to amend, change or modify leases and the terms and provisions thereof at any time or times hereafter, to contract to make leases and to grant options to lease and options to renew leases and options to purchase the whole or any part of the revision and to contract respecting the manner of fixing the amount of present or future rentals, to partition or to exchange said real estate, or any part thereof, for other real or personal property, to grant easements or charges of any kind, to release, convey or assign any right, title or interest in or about or easement appurtenant to said real estate or any part thereof, and to deal with said real estate and every part thereof in all other ways and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter.
In no case shall any party dealing with said Trustee, or any successor in trust, in relation to said real estate, or to whom said real estate or any part thereof shall be conveyed, contracted to be sold, leased or mortgaged by said Trustee, or any successor in trust, be obliged to see the application of any purchase money, rent, or money borrowed or advanced on said real estate, or be obliged to see that the terms of this trust have been complied with, or be obliged to inquire into the authority, necessity or expediency of any act of said Trustee, or be obliged or privileged to inquire into any of the terms of said Trust Agreement; and every deed, trust deed, mortgage, lease or other instrument executed by said Trustee, or any successor in trust, in relation to said real estate shall be conclusive evidence in favor of every person ( including the Registrar of Titles of said County) relying upon or claiming under any such conveyance lease or other instrument, (a) that at the time of the delivery thereof the trust created by this indenture and by said Trust Agreement was in full force and effect, (b) that such conveyance or other instrument was executed in accordance with the trusts, conditions and limitations contained in this Indenture and in said Trust Agreement or in all amendments thereof, if any, and binding upon all beneficiaries thereunder, (c) that said Trustee, or any successor in trust, was duly authorized and empowered to execute and deliver every such deed, trust deed, lease, mortgage or other instrument and (d) if the conveyance is

1 of 2

made to a successor or successors in trust, that such successor or successors in trust have been properly appointed and are fully vested with all the title, estate, rights, powers, authorities, duties and obligations of its, his or their predecessor in trust.

This conveyance is made upon the express understanding and condition that neither Regions Bank, individually or as Trustee, nor its successor or successors in trust shall incur any personal liability or be subjected to any claim, judgment or decree for anything it or they or its or their agents or attorneys may do or omit to do in or about the said real estate or under the provisions of this Deed or said Trust Agreement or any amendment thereto, or for injury to person or property happening in or about said real estate, any and all such liability being hereby expressly waived and released. Any contract, obligation or indebtedness incurred or entered into by the Trustee in connection with said real estate may be entered into by it in the name of the then beneficiaries under said Trust Agreement as their attorney-in-fact, hereby irrevocably appointed for such purposes, or at the election of the Trustee in its own name, as Trustee of an express trust and not individually (and the Trustee shall have no obligation whatsoever with respect to any such contract, obligation or indebtedness except only so far as the trust property and funds in the actual possession of the Trustee shall be applicable for the payment and discharge thereof). All persons and corporations whomsoever and whatsoever shall be charged with notice of this condition from the date of the filing for record of this Deed.

The interest of each and every beneficiary hereunder and under said Trust Agreement and of all persons claiming under them or any of them shall be only in the earnings, avails and proceeds arising from the sale or any other disposition of said real estate, and such interest is hereby declared to be personal property, and no beneficiary hereunder shall have any title or interest, legal or equitable, in or to said real estate as such, but only an interest in the earnings, avails and proceeds thereof as aforesaid, the intention hereof being to vest in said Regions Bank the entire legal and equitable title in fee simple, in and to all of the real estate above described.

If the title to any of the above real estate is now or hereafter registered, the Registrar of Titles is hereby directed not to register or note in the certificate of title or duplicate thereof, or memorial, the words "in trust," or "upon condition," or "with limitations," or words of similar import, in accordance with the statute in such case made and provided, and said Trustee shall not be required to produce the said Agreement or a copy thereof, or any extracts therefrom, as evidence that any transfer, charge or other dealing involving the registered lands is in accordance with the true intent and meaning of the trust.

And the said grantor(s) hereby expressly waive(s) and release(s) any and all right or benefit under and by virtue of any and all statutes of the State of Illinois, providing for the exemption of homesteads from sale on execution or otherwise.

In Witness Whereof, DouglasP Huff, Vice President of Realtax Developers, Ltd., has hereunto set his hand and seal this **16th** day of **July, 2013**.

_____ (SEAL) _____ (SEAL)
DouglasP Huff, Vice President

State of Illinois
} ss.
County of Peoria

I, a Notary Public in and for said County, in the state aforesaid, do hereby certify that the above is personally known to me to be the same person(s) whose name(s) subscribed to the foregoing instrument, appeared before me this day in person and signed, sealed and delivered the said instrument as a free and voluntary act.

Given under my hand and notarial seal this 16th day of July, 2013

Pamela D. Lynn _____ Notary Public

OFFICIAL SEAL
PAMELA D LYNN
NOTARY PUBLIC, STATE OF ILLINOIS
KNOX COUNTY
MY COMMISSION EXPIRES 08/10/2016

35,515.00

STATE OF ILLINOIS
SEP. -3. 13
WILL COUNTY

REAL ESTATE TRANSFER TAX
0000540.0
FP 103040

| GRANTEE ADDRESS, RETURN TO and MAIL FUTURE TAXES TO: | Regions Bank Trust # 90-PO15-00 P.O. Box 10614 Peoria, IL 61612 | PREPARED BY: | Andi Roberts P.O. Box 10614 Peoria, IL 61612 |
|---|---|---|---|