IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL AND MARIANNE BONFIGLIO, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:14 cv 9254 |
| | ) | |
| v. | ) | Judge Sara L. Ellis |
| | ) | |
| CITIFINANCIAL SERVICING LLC, GREEN TREE SERVICING LLC, and RANDALL S. MILLER & ASSOCIATES, P.C., | ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GREEN TREE SERVICING LLC'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Green Tree Servicing LLC ("Green Tree"), by counsel, respectfully submits this reply in support of its motion to dismiss Plaintiffs' Complaint, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

**INTRODUCTION**

As their Response confirms, Plaintiffs cannot state a claim for breach of contract, common law or statutory fraud, or violation of the FDCPA based on Green Tree's failure to pay property taxes it was not obligated to pay, never promised to pay and, in fact, was in no position to pay. Realizing this fatal deficiency, Plaintiffs respond to Green Tree's Motion to Dismiss by contradicting the allegations of their own Complaint, relying on inapplicable or readily distinguishable law, and continuing their effort to attribute Citi's alleged conduct to Green Tree. But Plaintiffs cannot avoid the fact that the events giving rise to their claims occurred *before* Green Tree even entered the picture.

In the end, Plaintiff's inflammatory accusations and hyperbole aside, their Response cannot overcome the substantive deficiencies of the Complaint. Accordingly, Plaintiffs' claims should be dismissed with prejudice.

I.   **PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF CONTRACT AGAINST GREEN TREE**

Quite simply, Plaintiffs cannot state a breach of contract claim against Green Tree because Green Tree is not a party to the contract underlying Plaintiffs' claim and it is not responsible for the alleged breach. Under basic contract principles, a plaintiff cannot state a claim without establishing privity of contract and an actual breach by the defendant. *See Kaplan v. Shure Bros. Inc.*, 266 F.3d 598, 602 (7th Cir. 2001); *Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964, 979 (N.D. Ill. 2008). Plaintiffs acknowledge that their breach of contract claim is based on their allegation that Citi and Green Tree "fail[ed] to pay the amounts promised to redeem the taxes on the subject property." (Compl. ¶ 66.) But Plaintiffs also acknowledge that Green Tree never promised to redeem the taxes and that the redemption period expired and the tax deed was issued well before Green Tree had any involvement with Plaintiffs or their mortgage. (Compl. ¶¶ 15-26.) Therefore, because Green Tree was not a party to the contract and was not responsible for the alleged breach of that contract, Plaintiffs' claim fails as a matter of law.

Unable to cover this obvious hole in their case, Plaintiffs respond in two ways: (1) by citing to inapplicable cases to support their argument that Green Tree, as servicer, can be liable for breach of contract; and (2) by essentially abandoning their original breach of contract theory altogether and arguing that it is "irrelevant" whether the alleged promise to pay the taxes occurred before Green Tree became the servicer. (Resp. at 7-8.)

First, the cases cited by Plaintiffs to support their argument that a servicer can be liable for breach of contract are all distinguishable because the defendants in those cases each had contractual privity with the plaintiffs. Indeed, in *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 557-58 (7th Cir. 2012), plaintiff's breach of contract claim was based on a contract (i.e., loan modification agreement) executed by plaintiff directly with the servicer. In *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 681-82, 691 (7th Cir. 2011), the defendant, GMAC Mortgage Corp., was both the owner and servicer of plaintiffs' mortgage. And in *In re Ocwen Loan Servicing, LLC Mortgage Servicing Litigation*, 491 F.3d 638, 645 (7th Cir. 2007), plaintiffs had contractual privity with mortgage servicer because the subject terms of plaintiff's mortgage were specifically assigned to the servicer. In contrast, here, Green Tree is not a party to the mortgage agreement or the alleged agreement to pay the taxes—it was merely servicing the mortgage. As a result, it cannot be held liable for a breach of that contract. *See Cannon v. Wells Fargo Bank, N.A.*, 917 F. Supp. 2d 1025, 1052 (N.D. Cal. 2013) (mortgage servicer was not a party to the mortgage agreement and could not be liable for breach of contract); *Trunzo v. Citi Mortg.*, 876 F. Supp. 2d 521, 533 (W.D. Pa. 2012) (mortgage servicer not liable for lender's breach of contract).

Next, Plaintiffs (remarkably) argue that the fact Green Tree did not become the servicer of their loan until after the taxes were sold and tax deed issued is "irrelevant" to their breach of contract claim. (Resp. at 7.) Yet, Plaintiffs are alleging that Green Tree breached the "contract" "by failing to pay the amounts promised to redeem the taxes on the subject property," (Compl. ¶ 66); thus, the fact that Green Tree was not even involved with Plaintiffs' loan when this "promise" was allegedly made is not only "relevant" to Plaintiffs' claim, but it disposes of it.

Perhaps recognizing this, Plaintiffs attempt to save their breach of contract claim by asserting that Green Tree breached some undefined non-existent "duty." Specifically, Plaintiffs argue that Green Tree breached the contract by collecting loan payments "on a mortgage that no longer existed," by "placing collection calls" even though Plaintiffs were allegedly current on their payments, and by "failing to notify [Plaintiffs] that the subject mortgage had been extinguished via tax sale and the deed re-purchased by Citi." (Resp. at 7.) But Plaintiffs do not and cannot point to any contract or any contractual provision between Plaintiffs and Green Tree that supports these allegations or makes them actionable.

Thus, Plaintiffs' arguments cannot overcome the fact that the "breach" alleged by Plaintiffs occurred well before Green Tree had any involvement with Plaintiffs or their loan. And without a contract between Plaintiffs and Green Tree, and a breach that is attributable to Green Tree, Plaintiffs' contract claim fails as a matter of law.

## II. PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR COMMON LAW FRAUD OR VIOLATION OF THE ICFA.

### A. Plaintiffs' fraud allegations fail under Rule 9(b)'s pleading requirements.

Plaintiffs' common law and statutory fraud claims[1] fail, as a threshold matter, because they impermissibly "lump" Citi and Green Tree together instead of alleging—as required—"the identity of the person who made the misrepresentation, the time, place and

---

[1] Curiously, Plaintiffs assert that Green Tree's Motion to Dismiss does not directly address Plaintiffs' claim under the Illinois Consumer Fraud Act. (Resp. at 16.) But Plaintiffs either do not or choose not to recognize that Section II of Green Tree's supporting memorandum clearly covers both their common law fraud claim in Count II and their statutory fraud (or ICFA) claim in Count III. Indeed, because almost every argument for dismissal applies equally to each claim, Green Tree made those arguments in the same Section to avoid unnecessary duplication.

content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Viacom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir. 1994); *see also Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (cited by Plaintiffs) (rejecting fraud claim lumping multiple defendants together).

In response, Plaintiffs contend that only "a handful" of paragraphs in the Complaint group Citi and Green Tree together. (Resp. at 9.) But in reality, each and every allegation of Plaintiffs' claims for common law fraud (Count II) and statutory fraud (Count III) refers to "Citi and Green Tree" collectively and impermissibly combines the actions of Citi with Green Tree. (Compl. ¶¶ 70-96.) Plaintiffs also contend that "the paragraphs that combine Green Tree and Citi [ ] fall under the exception to the group pleading standard because the information is uniquely in Green Tree's possession." (Resp. at 9.) That exception, however, only applies where defendants are corporate insiders who control the actions of a corporation, not where—as here—two separate companies are alleged to have engaged in fraudulent conduct. *See P&P Marketing, Inc. v. Ditton*, 746 F. Supp. 1354, 1363 (N.D. Ill. 1990); *Banowitz v. State Exchange Bank*, 600 F. Supp. 1466, 1469 (N.D. Ill. 1985).

Thus, because Plaintiffs have failed to plead their fraud claims against Green Tree with the requisite particularity, those claims should be dismissed.

### B. Plaintiffs fail to adequately allege a misrepresentation or reliance against Green Tree.

In order to state a claim for fraud against Green Tree, Plaintiffs must allege that Green Tree (1) made a false statement of material fact, (2) known or believed to be false by Green Tree when making it, (3) with intent to induce Plaintiffs to act, (4) that Plaintiffs relied on the truth of such a statement or statements made by Green Tree, and (5) that damage to Plaintiffs resulted from reliance on these statements. *See Wigod*, 673 F.3d at

5

569. Plaintiffs' Complaint alleges that any representations concerning the payment of the taxes was made before Green Tree became the servicer. (Compl. ¶¶ 15-26.) Thus, accepting those allegations as true, the alleged misrepresentations—by Plaintiffs' own admission—were not made by Green Tree and did not involve it in any way.

Attempting to mask this deficiency, Plaintiffs try to come up with other alleged "misrepresentations" in their Response, now claiming that Green Tree supposedly committed fraud by:

- "misrepresenting to [Plaintiffs] that all prior defaults on the subject loan, including for taxes, had been cured by the deferment agreement notwithstanding the fact that no mortgage existed";

- "stating that the property had been sold to Citi, but that the sale did not affect the terms of her 'mortgage loan'"; and

- "attempt[ing] to cover up and hide its actions, and the acts of Citi, by sending [Plaintiffs] deceptive letters and mortgage statements."

(Resp. at 10.) Even if these allegations were pleaded, they would not support Plaintiffs' fraud claims.

First, Plaintiffs allegation that Green Tree "offered to defer the amount advanced for taxes to the end of the loan and deem the loan current," (Compl. ¶ 33), does not amount to a misrepresentation of an existing material fact. Rather, it is, at best, an offer to take some action in the future. Accordingly, even when assuming the allegation as true, it does not amount to fraud. Moreover, Plaintiffs' assertion is directly contradicted by the very letter which they allege "memorialize[s]" the supposed misrepresentation. (Compl. ¶34, Ex. I.) As explained in Green Tree's Motion, Green Tree states in the letter that it "brought [Plaintiffs'] delinquent account current on 11/18/2013 by deferring all *past due principal and interest* to the scheduled maturity date," and further states that "*[i]f*" there were any

6

"funds advanced on [Plaintiffs'] behalf (e.g., insurance, taxes)," then those amounts were made current by reallocating "payments previously posted to interest." (Compl. ¶ 34, emphasis in original). Thus, Green Tree did *not* represent that any amounts advanced for taxes were deferred to the end of the loan; rather, it stated that those amounts, *if* any, were made current by applying previously-posted interest payments. (Compl. Ex. I.) Perhaps recognizing this deficiency, Plaintiffs create a new allegation in their Response that Green Tree misrepresented that all prior defaults, including those for taxes, had been cured by the deferral agreement. (Resp. at 10.) However, this allegation—if it were actually pleaded—would also be insufficient because it does not identify the necessary "who, what, when and where." Moreover, simply representing that Plaintiffs' defaults had been cured or that Plaintiff was current on the loan does not amount to a misrepresentation of material fact. Accordingly, if Plaintiffs were to plead such an allegation, it would be insufficient, in any event.

Next, by using the term "mortgage loan" in its letter when it informed Plaintiffs that the Property had been purchased by Citi, Green Tree did not make any misrepresentation. Indeed, Green Tree's October 15, 2013 letter (attached as Exhibit H to the Complaint) accurately informed Plaintiffs that Citi purchased the deed to the Property, that they should refer to the county records to obtain a copy of the deed once it is recorded, that Green Tree continued to service the "mortgage loan," and that the transfer of ownership does not change Plaintiffs' contractual payment obligations. (Compl. Ex. H.) Clearly, the reference to Plaintiffs' "mortgage loan" in this letter does not constitute a misrepresentation of material fact and does not amount to fraud.

Finally, Plaintiffs' allegations that Green Tree attempted to "cover up" or "hide" its actions by sending a loss mitigation letter, (Compl. ¶ 38, Ex. K), and a letter rejecting payment, (Compl. ¶ 39, Ex. L), allege nothing more than Green Tree's loan servicing activities. And, more fundamentally, Plaintiffs' fraud claims based on Green Tree's alleged "cover up" or "concealment" fail because Plaintiffs and Green Tree do not have a special relationship creating any duty to disclose information. *See Wigod,* 673 F.3d at 572-73 (finding that the "servicer-borrower relationship does not bear the hallmarks of a special trust relationship under Illinois law").

Plaintiffs' fraud claims also fail because they have not sufficiently alleged that their reliance on the alleged misrepresentations caused them any actionable harm. Indeed, Plaintiffs reiterate in their Response that they "relied on the misrepresentation by making the payments" on their mortgage loan. (Resp. at 11.) Yet, as explained in Green Tree's Motion, those alleged payments cannot possibly constitute an injury caused by Plaintiffs' reliance on the misrepresentations, because Plaintiffs were already legally obligated to make those payments. Simply put, Plaintiffs could not have made their mortgage payments "in reliance" on Green Tree's alleged misrepresentations, and they certainly did not suffer any injury by making payments they were already required to make.

Accordingly, Plaintiffs' fraud claims in Count II and Count III should be dismissed with prejudice.

### III. PLAINTIFFS FAIL TO PLEAD AN FDCPA VIOLATION AGAINST GREEN TREE.

#### A. Plaintiffs' allegations do not constitute a violation of Section 1692d.

Section 1692d prevents a debt collector from engaging in harassing, oppressive or abusive conduct. *See* 15 U.S.C. §1692d. To be actionable, the allegedly harassing,

oppressive or abusive conduct must be similar to the nonexclusive list examples provided in Section 1692d—i.e., the use or threat of violence, the use of profane or threatening language, publicly advertising debts or debtors, and making abusive or repeated telephone calls. *See Lane v. Fein, Such and Crane LLP*, 767 F. Supp. 2d 382, 390 (E.D.N.Y. 2011) (dismissing Section 1692d claim where the alleged conduct was not "similar in seriousness" to the listed examples).

Nevertheless, in their Response, Plaintiffs contend that they have stated a claim based on their allegation that Green Tree "misrepresented the status of the debt, attempted to collect illegal fees and costs not authorized by law, threatened eviction, falsely declared [Plaintiffs] in default, assessed illegal fees that were never used to redeem the taxes, and refused to communicate clearly with [Plaintiffs] or respond to inquiries." (Resp. at 12.) And the only case they cite in support their position involved a debt collector who threatened to impose an interest rate of 730%, in violation of Indiana law, if the debtor did not pay in full within two weeks of the initial collection letter (a deadline that had already passed). *See Evory v. RJM Acquisitions Funding, LLC*, 505 F. 3d 769, 778 (7th Cir. 2007).

Here, however, Plaintiffs make no such allegation. Rather, Plaintiffs base their claim on their allegations that Green Tree "mismanaged" their loan, refused to "accurately respond" to Plaintiffs' requests, and failed to provide Plaintiffs with notice of certain things. None of these allegations even remotely resemble the type of harassing, abusive or oppressive conduct that gives rise to liability under Section 1692d. Accordingly, Plaintiffs' 1692d claim should be dismissed with prejudice.

**B.      Plaintiffs' allegations do not constitute a violation of Section 1692e.**

Plaintiffs' entire Section 1692e claim is based on the false premise that Green Tree sought to collect amounts that Plaintiffs did not owe, despite Plaintiffs' existing obligations under the Note. (Resp. at 13-14.) Specifically, Plaintiffs allege that Green Tree violated Section 1692e "as a result of its (i) misrepresentations of the status of the debt and subject mortgage; (ii) attempts to collect illegal fees and costs not authorized by law or contract; (iii) misrepresentation of the amounts owed to cure the 'default;' (iv) misrepresentation of the nature of Citi's security interest in the subject property; and (v) declaring the loan in delinquent or default status when Bonfiglio had complied with the terms of the contract." (Compl. ¶ 103.)

However, as noted in Green Tree's Motion, Plaintiffs' claim does nothing more than recite the elements of Section 1692e without providing any factual allegations from which this Court could reasonably infer that Green Tree made a false, deceptive, or misleading statements to Plaintiffs. *See Barlow v. Safety Nat. Cas. Corp.,* 856 F. Supp. 2d 828 (M.D. La. 2012) (merely alleging false representation of character, amount or legal status of debt fails to state Section 1692e claim); *Ogbon v. Beneficial Credit Services, Inc.*, 2011 WL 347222, at *4 (S.D.N.Y. 2011) (the complaint must allege facts and identify the allegedly inaccurate representation to state a claim under Section 1692e); *Drew v. Rivera*, 2012 WL 4088943, at *1 (N.D. Fla. 2012) (merely reciting the language of Section 1692e without citing any facts as to how the defendant falsely represented the character, amount or legal status of the debt is insufficient); *Derisme v. Hunt*, 2010 WL 4683916, at *6 (D. Conn. 2010) (must allege facts to support Section 1692e allegations); *Bihn v. Fifth Third Mortg. Co.,* 980 F. Supp. 2d 892, 901 (S.D. Ohio 2013) (legal conclusions fail to state a claim under Section 1692e). Plaintiffs fail to identify what "illegal fees" were collected or how any such collection efforts

10

constitute a misrepresentation under Section 1692e. Similarly, Plaintiffs do not provide any factual details regarding when any such representations were made, to whom they were made, and what was supposedly stated.

### C. Plaintiffs' allegations do not constitute a violation of Section 1692f.

Plaintiffs allege Green Tree violated Section 1692(f) because it "unfairly sought to collect amounts on the subject loan and threaten[ed] foreclosure even after the subject mortgage had been extinguished," and "took or threatened to unlawfully repossess the subject property." (Compl. ¶¶ 105-06.) As a threshold matter, Plaintiffs' allegations consist entirely of legal conclusions without any factual detail (e.g., what actions were unfair, what amounts were sought, when were these amounts sought, what was unconscionable, what threats were made), all of which should be disregarded. *See Hrivnak v. NCO Portfolio Management*, 994 F. Supp. 2d 889, 898 (N.D. Ohio 2014) (must supply facts in support of claims under Section 1692f). Moreover, as Green Tree argued in its Motion, a mortgage's validity has no bearing on the analysis of whether unfair means were used in collecting a debt under the FDCPA. *See Transamerica Fin. Servs., Inc., v. Sykes*, 171 F.3d 553 (7th Cir. 1999). And, even if Plaintiff's allegations are true, Green Tree maintained the right to enforce Citi's interest in the Property at the time of the eviction proceedings. (Compl. ¶¶ 34-36.) Therefore, the entire premise for Plaintiffs' Section 1692f claim is misplaced. Accordingly, Plaintiffs' Section 1692f claim should be dismissed.

### D. Plaintiffs' allegations do not constitute a violation of Section 1692j.

Section 1692j makes it unlawful to "design, compile, and furnish" any form knowing that the form would be used create the false belief in the consumer that a person other than the creditor is participating in the collection of a debt. 15 U.S.C. § 1692j. To be liable under

11

Section 1692j, the alleged debt collector must have designed, compiled and furnished the offending form. *See Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 734 (7th Cir. 2004) (noting that "all three actions are required elements of the 'offense'"). Because Plaintiffs do not and cannot allege that Green Tree did any of those things, their claim should be dismissed.

In response, Plaintiffs weakly attempt to distinguish *Gutierrez* by noting that it was decided on summary judgment. (Resp. at 15.) But the way plaintiff's claims in *Gutierrez* were disposed of certainly does not alter its clear holding—i.e., that the defendant must have designed, compiled and furnished the proscribed form. And Plaintiffs' other cited authority has absolutely no bearing on their claims. Specifically, the decision in *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002), in inapposite because the defendant actually drafted, compiled and furnished the form at issue. The decision in *Randle v. GC Services, L.P.*, 25 F. Supp. 2d 849 (N.D. Ill. 1998), was rejected by the Seventh Circuit, *see White v. Goodman*, 200 F.3d 1016 (7th Cir. 2000). And the two other cases cited by Plaintiffs do not even involve Section 1692j. *See Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872 (N.D. Ill. 2006); *Wisniewski v. Asset Acceptance Capital Corp.*, 2009 WL 212155 (N.D. Ill. 2009). Accordingly, Plaintiffs' claim under 1692j should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant Green Tree Servicing LLC respectfully requests that the Court grant Green Tree's Motion to Dismiss, dismiss Plaintiffs' Complaint with prejudice, and award Green Tree any other relief the Court deems just and appropriate.

Respectfully submitted,

GREEN TREE SERVICING LLC

/s/ Scott G. Weber
One of its attorneys

Jeffrey D. Pilgrim
Scott G. Weber
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, Illinois 60654
jpilgrim@pilgrimchristakis.com
sweber@pilgrimchristakis.com

## CERTIFICATE OF SERVICE

      Scott G. Weber, an attorney, certifies that a true and correct copy of the foregoing **Green Tree's Reply in Support of its Motion to Dismiss** was served via ECF, this 28th day of May 2015, which will send notice to the following parties of record:

| | |
|---|---|
| Mara A. Baltabols<br>Mohammed O. Badwan<br>900 Jorie Blvd., Suite 150<br>Oak Brook, Illinois 60523 | Randall S. Miller & Associates, LLC<br>120 N. LaSalle Street, Suite 1140<br>Chicago, Illinois 60602 |
| Bryan Cave LLP<br>161 N. Clark Street, Suite 4300<br>Chicago, Illinois 60601 | |

                                        /s/ Scott G. Weber